IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RANDY ANTHONY,**

                **Petitioner,**

     v.                                  **CASE NO. 09-3093-RDR**

**FEDERAL BUREAU OF PRISONS, et al.,**

                **Respondents.**

**O R D E R**

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner proceeds pro se in this matter and has paid the full district court filing fee.

Petitioner was sentenced in July 2004 to consecutive prison terms of 78 months. His early release date with good time credits is currently scheduled for November 12, 2009. In this action petitioner challenges the Bureau of Prisons' (BOP's) decision to limit petitioner's placement in a community corrections center (CCC) to 80 days rather than the maximum 180 day period allowed under 18 U.S.C. § 3624(c). Petitioner contends the BOP is violating federal law to deny him CCC placement on a six month pre-release date of May 12, 2009, and argues 80 days in a CCC facility is insufficient to satisfy the statutory provision that his pre-release custody is to be "served under conditions that will afford [him] a reasonable opportunity to adjust to and prepare for [his] re-entry into the community." 18 U.S.C. § 3624(c). Petitioner seeks a court order requiring his immediate release to a CCC facility or to home

placement.

Petitioner acknowledges, however, his failure to exhaust administrative remedies on this claim, and argues the exhaustion requirement should be determined futile in this case.  The court disagrees.

In the Tenth Circuit it is settled law that a petitioner must exhaust available administrative remedies before commencing an action pursuant to 28 U.S.C. § 2241.  Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986)(judicial intervention in habeas corpus proceedings is generally deferred until administrative remedies have been exhausted).  Although a futility exception to the exhaustion requirement is recognized, the exception is quite narrow.  *See* Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005)(exhaustion "requirement is not applicable when the prisoner has no adequate remedy such that exhaustion would be futile"), *cert. denied*, 549 U.S. 943 (2006).

Here, petitioner states he submitted his initial administrative grievance[1] on this matter on April 2, 2009, and thereafter received notice that the warden's response, due April 22, 2009, would be delayed until May 12, 2009.  No copy of petitioner's grievance is provided, and petitioner initiated this action prior to receiving the warden's response.  The court finds the record is insufficient to make a determination that petitioner's exhaustion of available administrative remedies would be futile in this case.  *Compare*

---

[1]The three step administrative procedure available to a federal prisoner is set forth in 28 C.F.R. § 542.10-542.19, and involves a prisoner's submission of a formal administrative grievance to the warden, and appeal to the regional director and to the general counsel at the national level if necessary.

Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993)(excusing further exhaustion where denial of administrative relief at first level of review was based on published BOP policy); Holman v. Booker, 166 F.3d 347, 1998 WL 864018, *3 (10th Cir. Dec. 14 1998)(citing Fraley with approval).  Instead, BOP remains "in a superior position to investigate the facts" underlying a petitioner's claims, Williams v. O'Brien, 792 F.2d at 987, and appears to be in a position to grant timely relief, if warranted upon appropriate consideration,[2] through the administrative remedy procedure.

The court thus directs petitioner to show cause why the petition should not be dismissed without prejudice based upon petitioner's failure to exhaust administrative remedies, and failure to demonstrate that such exhaustion of remedies would be futile. The failure to file a timely response may result in the petition being dismissed without prejudice and without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice.

DATED:  This 29th day of May 2009, at Topeka, Kansas.

    s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

---

[2] See e.g. Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007)(examining validity of 28 C.F.R. §§ 570.20 and 570.21, and ordering consideration of petitioner's transfer to CCC without regard to those BOP regulations).

3