IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RANDY ANTHONY,

                              Petitioner,

             v.                                   CASE NO. 09-3093-RDR

FEDERAL BUREAU OF PRISONS, et al.,

                              Respondents.



                         O R D E R

        Petitioner proceeds pro se on seeking a writ of habeas corpus
under 28 U.S.C. § 2241.  Petitioner challenges the Bureau of
Prisons' (BOP's) decision to restrict petitioner's placement in a
residential re-entry center (RRC) or community corrections center
(CCC) less than the maximum period allowed under 18 U.S.C. §
3624(c), and seeks a court order requiring his immediate release to
a RRC/CCC facility[1] or to home placement.

        Noting petitioner's acknowledgment of his failure to exhaust
administrative remedies, and finding the record was insufficient to
support petitioner's contention that further exhaustion of
administrative remedies would be futile, the court directed
petitioner to show cause why the petition should not be dismissed
without prejudice.  Having reviewed petitioner's response, the court
finds the petition should be dismissed.

        Petitioner states he learned the first week in March 2009 that
his RRC/CCC report date was scheduled for September 10, 2009, rather

───────────────

        [1]The warden's administrative response refers to RRC placement.
Petitioner consistently refers to placement in a CCC.

than his scheduled pre-release preparation date of May 12, 2009, six months before his scheduled pre-release date of November 11, 2009.  On March 23, 2009, he filed an administrative grievance to the warden,[2] claiming he was entitled under 18 U.S.C. § 3624(c) up to six months in RRC/CCC placement.[3]  The warden received the grievance on April 2, 2009, and notified petitioner on April 23, 2009, that the response deadline to petitioner's administrative grievance would be extended until May 12, 2009.  Petitioner then initiated the instant habeas corpus petition on a pleading dated April 30, 2009, which the court received and docketed on May 6, 2009.

Petitioner contends further administrative review would be futile because BOP failed follow the law and is depriving petitioner of the fullest pre-release period for his re-adjustment to society.  Petitioner states further exhaustion would result in irreparable injury, and contends the administrative remedy process would or should be void.  The court disagrees.

Petitioner documents the warden's denial of petitioner's administrative grievance on May 8, 2009.  That response notes that petitioner was initially recommended for RRC/CCC placement on July 12, 2009, but based on the Second Chance Act of 2007, referrals for such placement have progressively increased such that Community Corrections Managers must place an increased number of federal

---

[2]The three step administrative procedure available to a federal prisoner is set forth in 28 C.F.R. § 542.10-542.19, and involves a prisoner's submission of a formal administrative grievance to the warden, and appeal to the regional director and to the general counsel at the national level if necessary.

[3]Petitioner notes in his habeas application that the Second Chance Act of 2007 expanded the maximum period of RRC/CCC placement or home confinement from six to twelve months.

inmates in suitable residential centers.  The warden cited the large number of referrals for placement in the Texas area as the most likely reason for petitioner's RRC/CCC report date of September 10, 2009.  The warden further stated that petitioner did not meet the criteria under Program Statement 7320.01 for direct placement to home confinement.  There is nothing in the record to suggest that petitioner administratively appealed the warden's decision.

As petitioner identifies no official BOP policy controlling the outcome of his request for immediate pre-release placement in a RRC/CCC, there is no showing that his exhaustion of administrative remedies to the regional and national offices would be futile.  Nor does petitioner identify any authority in support of his contention that requiring him to fully and properly exhaust administrative remedies prior to seeking federal habeas corpus relief should be excused in this case to avoid the alleged irreparable harm of foreclosing his maximum RRC/CCC placement.

The court thus concludes the petition should be dismissed without prejudice, based upon petitioner's failure to fully exhaust administrative remedies.

IT IS THEREFORE ORDERED that the petition is dismissed without prejudice.

DATED:  This 1st day of July 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge